IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SCOTT J. GRIESENAUER, | ) | Civil No. 07-395-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Max Rae
P. O. Box 7790
Salem, OR  97303

  Attorney for Plaintiff

Franco L. Becia
Assistant Regional Counsel
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Defendant

JONES, Judge:

Claimant Scott Griesenauer seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  Defendant, in turn, has moved to remand this case for further administrative proceedings (# 19).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, the court concludes that the case must be remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI on March 27, 2003, alleging disability since March 4, 2000.  The applications were denied initially and on reconsideration.  Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on October 18, 2005.  Claimant, represented by counsel, appeared and testified, as did his father, Larry Griesenauer, a vocational expert, and an impartial medical expert, Miller Garrison, Ph.D.  On December 28, 2005, the ALJ issued a decision denying claimant's applications.  The ALJ's decision became the final decision of the Commissioner on February 22, 2007, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

DISCUSSION

The Commissioner seeks remand to obtain updated medical evidence and to permit further proceedings to resolve several errors in the ALJ's consideration of the issues, specifically:

1.  To clarify, at step one of the sequential evaluation, when claimant ceased substantial gainful activity;

2.  At steps two and three, to address claimant's father's testimony and to properly construe and consider the opinions of Drs. Suckow and Garrison;

3.  Reconsider claimant's credibility and his RFC;

4.  If the ALJ finds that claimant retains the ability to perform substantial gainful work activities, whether he can perform his past relevant work or other work that exists in the national economy.

Claimant, in turn, asks the court to remand for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. Ultimately, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

I agree with the Commissioner that further administrative proceedings are appropriate because the record, which is complex and includes an extensive history of drug and alcohol abuse as well as incarceration time, does not require a finding of disability and contains numerous unresolved issues. This court is not in a position, as claimant suggests, to usurp the Commissioner's duty and make a determination on the merits. Thus, I conclude that remand for an immediate award of benefits is not appropriate.

Consequently, in the exercise of my discretion, I grant defendant's motion (# 19) and remand this action to the Commissioner. As the Commissioner has requested, on remand the ALJ is instructed to:

    1.    Conduct a new hearing, further develop the record, and issue a new decision;

    2.    Reevaluate step one of the sequential evaluation process;

    3.    Reevaluate and further develop the medical evidence, particularly with respect to whether claimant's impairments, without the overlay of drug and alcohol abuse, meet or equal a listing;

  4.  Evaluate all lay witness statements and testimony;

  5.  Reevaluate claimant's credibility;

  6.  Reevaluate steps two and three of the sequential evaluation process;

  7.  Reevaluate claimant's RFC; and

  8.  If necessary, reevaluate steps four and five with the assistance of a vocational expert.

In light of the errors that require this remand, the Commissioner shall pay claimant's attorney fees accrued in connection with the current applications.

## CONCLUSION

Defendant's motion to remand (# 19) is GRANTED. The decision of the Commissioner denying benefits is reversed and remanded for further proceedings consistent with this opinion.

DATED this 14th day of March, 2008.

        /s/ Robert E. Jones
        ROBERT E. JONES
        U.S. District Judge